IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JERRY LEWIS RIVERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 316-024 |
| | ) | |
| DR. SHARON LEWIS, Medical Director | ) | |
| of GDC; TORRIS M. ROZIER, Senior | ) | |
| Investigator at the Inmate | ) | |
| Affairs Unit, GDC; BRAD HOOKS, | ) | |
| Former Warden of JSP; CHERIE PRICE, | ) | |
| Deputy Warden of Care and Treatment; | ) | |
| SHAWN EMMONDS, Current Warden | ) | |
| at JSP; FNU HALL, Director of Nursing | ) | |
| at JSP; SOUTHERN HEALTH PARTNERS; | ) | |
| FNU SUTTON, Nurse at JSP; | ) | |
| LISA FOUNTAIN, Interim Manager at the | ) | |
| Inmate Affairs Unit; FNU BRAGG, | ) | |
| Counselor at JSP; LOGAN MARSHALL, | ) | |
| Sheriff of McDuffie County, in their | ) | |
| Individual and Official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

_____

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
_____

Plaintiff, an inmate at Johnson State Prison ("JSP") in Wrightsville, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006).

# I. SCREENING OF THE COMPLAINT

Plaintiff names as Defendants: (1) Dr. Sharon Lewis, Medical Director of GDC; (2) Torris M. Rozier, Senior Investigator at the Inmate Affairs unit, GDC; (3) Brad Hooks, Former Warden of JSP; (4) Cherie Price, Deputy Warden of Care and Treatment; (5) Shawn Emmonds, Current Warden of JSP; (6) FNU Hall, Director of Nursing at JSP; (7) Southern Health Partners; (8) FNU Sutton, Nurse at JSP; (9) Lisa Fountain, Interim Manager at the Inmate Affairs Unit; (10) FNU Bragg, Counselor at JSP; (11) Logan Marshall, Sheriff of McDuffie County. (See doc. no. 1.) Taking all of Plaintiff's factual allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff's current stint of incarceration began on June 26, 2013, the day before he was to attend his first physical therapy appointment so he could learn how to walk on a prosthetic leg for his recently amputated right leg. (Doc. no. 1, p. 5.) When Plaintiff was arrested on June 26, 2013, he was confined at McDuffie County Jail where unidentified jailors and deputies did not allow Plaintiff to bring his prosthetic leg for reasons not explained by Plaintiff. (Id.) After sentencing, Plaintiff was transferred to Jackson State Prison for two weeks before his transfer to Johnson State Prison. (Id.)

At Johnson State Prison, Plaintiff requested the return of his prosthetic leg or a new prosthetic leg. (Id.) Defendants denied Plaintiff's request for a prosthetic leg because Plaintiff was arrested without a prosthesis. (Id.) However, other inmates who are literate are not discriminated against and are allowed to receive prostheses while he is unfairly confined to a wheelchair. (Id. at 6.) Plaintiff cannot write or read and asked for permission to attend literacy classes, which Defendant Fountain denied.

Because Plaintiff did not have his prosthetic leg, he fell in the shower numerous times, reinjuring his right residual leg. (Id. at 6.) His left leg developed vascular problems and poor circulation, and walking on his left leg resulted in leg, foot, knee, and ankle swelling. (Id.) After a visit to Dr. Wick at the Medical Science Center in Augusta, Georgia, Dr. Wick opined Plaintiff's left leg was developing vascular problems, Plaintiff required a prosthetic leg to support his weight for therapy, and Plaintiff's health would only deteriorate without a prosthetic leg and moderate exercise. (Doc. no. 1-1, p. 4.)

Plaintiff filed numerous grievances through the Johnson State Prison grievance system requesting a prosthetic leg and literacy classes all of which were denied initially and on appeal. Defendant Bragg failed to process several of his grievances, failed to provide receipts for grievances, and did not provide grievance forms for weeks or months, leading to unanswered grievances. (Id. at 8; doc. no. 1, p. 15.)

Plaintiff is suing all Defendants in both individual and official capacities. (Doc. no. 1, p. 14.) On July 30, 2014, Plaintiff filed a grievance requesting transfer to a prison that offered literacy classes after JSP discontinued Plaintiff's literacy class in May 2014. (Doc. no. 1-1, pp. 6, 11.) On August 13, 2014, an unspecified warden denied this grievance because "transfers of offenders between institutions are not grievable." (Id. at 8.) Plaintiff appealed the denial to Defendant Fountain, and on October 9, 2014, Defendant Fountain denied the appeal, indicating inmates would be transferred and re-enrolled in educational programs "if and when space is available." (Id. at 11.)

On April 13, 2015, Plaintiff filed a grievance requesting the return of his prosthetic leg, or the furnishing of a new prosthetic leg. (Id. at 12.) On May 18, 2015, after consulting

3

Defendant Hall, Director of Nursing, Defendant Hooks denied Plaintiff's grievance because Plaintiff "entered the prison without it." (Doc. no. 1-1, p. 14.) On June 16, 2015, Plaintiff appealed the denial to Defendant Rozier. (Id. at 15.) After consulting with Nurse Hall, Defendant Rozier denied Plaintiff's grievance appeal because Plaintiff entered the prison system without a prosthetic, and because the request for prosthesis approval was denied by the Utilization Management due to "no acute changes documented." (Id.) Defendant Rozier further indicated Plaintiff would "proceed with the current mode of transportation." (Id.)

On August 17, 2015, Plaintiff filed another grievance requesting a prosthetic leg and was denied by Defendant Price. (Id. at 16.) Plaintiff appealed the denial to Defendant Lewis who concluded "medical personnel handed this case appropriately," and denied Plaintiff's grievance appeal. (Id. at 17.)

After alerting Defendant Emmonds of his need for a prosthetic leg, Defendant Emmonds told Plaintiff he was not interested in "hear[ing] about [Plaintiff's] prosthetic leg anymore," and told Plaintiff to "just keep doing what you're doing." (Doc. no. 1, pp. 9, 15.) Defendant Hall, a nurse contracted to JSP by Southern Health Partners, attempted to provide Plaintiff with a prosthetic leg, but ultimately agreed with the denial of the prosthesis. (Id. at 15.) Defendants Hall and Sutton refused to provide Plaintiff with vascular treatments. (Id.) Plaintiff asserts Sheriff Marshall is liable because "jailors and deputies" would not allow him to have his prosthesis while he was detained at McDuffie County Jail. (Id.)

As relief, Plaintiff requests a court order requiring GDC to provide him with a prosthetic leg, therapy with the prosthesis, a medical exam from a vascular surgeon, and

literacy classes. (Doc. no. 1-1, p. 5.) Plaintiff also seeks compensatory and punitive damages for mental anguish. (Id.)

## II.  DISCUSSION

### A.  Legal Standard for Screening.

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'"

or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, this liberal construction does not mean that the court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### B. Plaintiff Fails to State a Claim Against Defendants for Their Failure to Provide Plaintiff with Literacy Classes.

In order to state a claim for relief under 42 U.S.C. § 1983, Plaintiff must satisfy two elements. First, Plaintiff must allege that an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States. Hale v. Tallapoosa County, 50 F.3d 1579, 1581 (11th Cir. 1995). Second, Plaintiff must allege that the act or omission was committed by a person acting under color of state law.

The Supreme Court has held that the right to an education is not a fundamental right protected by the Constitution. San Antonio Indep. Sch. Dist. v. Rodriguez, 411 U.S. 1, 35, 93 S. Ct. 1278, 1298, 36 L. Ed. 2d 16 (1973) ("Education, of course, is not among the rights afforded explicit protection under our Federal Constitution. Nor do we find any basis for saying it is implicitly so protected."). Prisoners have no constitutional right to educational opportunities while incarcerated. Joseph v. U.S. Fed. Bureau of Prisons, 232 F.3d 901 (10th

6

Cir. 2000) (finding Plaintiff expelled from GED program did not state an Eighth Amendment claim); Burch v. Jordan, No. 07-3236, 2010 WL 5391569, at *22 (D. Kan. Dec. 22, 2010), aff'd sub nom. Burch v. Don Jordan, 444 F. App'x 236 (10th Cir. 2011); Wishon v. Gammon, 978 F.2d 446, 450 (8th Cir. 1992) (inmates have no constitutional right to educational or vocational opportunities); Eddins v. Carter, No. 210-CV-188-TMH, 2010 WL 2232171, at *1 (M.D. Ala. Apr. 19, 2010), report and recommendation adopted, No. 210-CV-0188-TMH, 2010 WL 2232166 (M.D. Ala. June 3, 2010) ("Put another way, an inmate has no constitutionally protected interest in rehabilitative or educational programs . . . ."); Baboolal v. Wells, No. CV 3:10-005, 2010 WL 2730984, at *4 (S.D. Ga. June 15, 2010), report and recommendation adopted, No. CV 3:10-005, 2010 WL 2730970 (S.D. Ga. July 9, 2010) (finding incarcerated litigants do not possess constitutional right to rehabilitative programming).  Consequently, Plaintiff's allegation he is entitled to attend literacy classes fails to show deprivation of any constitutional right and he has not stated a claim for relief under 42 U.S.C. § 1983.

### C.  Plaintiff Fails to State a Claim for Deliberate Indifference Against Defendants Lewis, Rozier, Hooks, and Price.

Plaintiff fails to state a claim against Defendants Lewis, Rozier, Hooks, and Price Medical Director of GDC, Senior Investigator of Inmate Affairs, Former Warden, and Deputy Warden of Care and Treatment, respectively, because he is attempting to hold them liable merely because of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability."  Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999)

(internal quotation marks and citation omitted); see also Rosa v. Florida Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors, employers, and private contractors cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold these Defendants liable, Plaintiff must demonstrate that either (1) Defendants actually participated in the alleged constitutional violation, or (2) there is a causal connection between Defendants' actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)).

Here, Plaintiff has not alleged these Defendants actually participated in the decision to deny him his prosthesis. Plaintiff's only allegation against Defendant Price is that she denied his grievance requesting a prosthetic leg, and his only allegation against Defendant Lewis is that she denied the grievance appeal, concluding "medical personnel handled this case appropriately." (Doc. no. 1, p. 15; doc. no. 1-1, pp. 16-17.) Similarly, Plaintiff's only allegation against Defendant Hooks is that he denied Plaintiff's grievance requesting a prosthetic leg because "he entered the prison without it," and his only allegation against Defendant Rozier is that he denied the grievance appeal for the same reasons. (Doc. no. 1, p.

15; doc. no. 1-1, pp. 14, 15.) These Defendants merely denied Plaintiff's grievances after conferring with medical staff; they did not actually participate in the initial determination to deny Plaintiff his prosthesis. (See doc. no. 1-1, pp. 14-17.) Courts have recognized that supervisory prison officials who are not medical professionals must rely on the decisions of trained medical practitioners regarding care provided to inmates. See Rutledge v. Lift, CV 307-055, 2009 WL 2842739, at *8 (S.D. Ga. July 22, 2009) (citing Waldrop v. Evans, 681 F. Supp. 840, 848-49 (M.D. Ga. 1988)), adopted by 2009 WL 2900276 (S.D. Ga. Sept. 3, 2009) (Bowen, J.).

Furthermore, to impose supervisory liability, Plaintiff must allege a causal connection between these Defendants and the asserted constitutional violation. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation). The "causal connection" can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and [s]he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be *obvious, flagrant, rampant and of continued duration*, rather than isolated occurrences." Brown, 906 F.2d at 671 (emphasis added). A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would

act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff fails to show a widespread problem or that these Defendants directed subordinates to act unlawfully or knew that they would act unlawfully and failed to stop them from doing so. Plaintiff merely alleges these Defendants denied his grievances or grievance appeals, and has not shown they were directly involved with any constitutional violation. Plaintiff cannot establish liability merely because he filed a grievance or appeal upon which Defendants ruled. See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); see also Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions); Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances), *cert. denied*, 530 U.S. 1264 (2000).

In sum, Plaintiff has not shown Defendants Lewis, Rozier, Hooks, and Price actually participated in any alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim

upon which relief can be granted against these Defendants, and they should be dismissed from the case.

### D.      Plaintiff Fails to State a Claim Against Sheriff Marshall.

Plaintiff has also failed to state a viable § 1983 claim against Sheriff Marshall for two reasons. First, although he named Sheriff Marshall in the caption of his complaint, Plaintiff failed to mention any wrongdoing by Sheriff Marshall in his complaint, and instead only alleges unspecified "jailors and deputies" did not allow him to bring his prosthetic leg to McDuffie County Jail. (See generally, doc. no. 1, p. 15.) Plaintiff's failure to connect Sheriff Marshall with a constitutional violation necessitates dismissal of Sheriff Marshall from the case. Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008). Second, Plaintiff is attempting to hold Sheriff Marshall liable merely because of his supervisory position, yet he never draws the necessary causal connection between Sheriff Marshall and any alleged constitutional violation. Plaintiff does not allege Sheriff Marshall personally denied Plaintiff his prosthesis or had any knowledge or involvement in the denial. (Doc. no. 1, p. 15.) Accordingly, Plaintiff fails to state a claim upon which relief can be granted against Sheriff Marshall, and he should be dismissed.

### E.      Plaintiff Fails to State a Claim Against Defendants Southern Health Partners and Lisa Fountain.

Plaintiff has failed to state a viable § 1983 claim against Defendants Southern Health Partners and Lisa Fountain because he fails to connect either Defendant with a constitutional violation or allege any wrongful act or omission by them. The Eleventh Circuit has held that a district court properly dismisses a defendant where a prisoner, other than naming the defendant

in the caption of the complaint, fails to state any allegations that associate the defendant with the purported constitutional violation. (Id.); see Douglas, 535 F.3d at 1321-22. Even assuming *arguendo*, Plaintiff is attempting to hold Defendant Fountain liable because she denied a grievance request for literacy classes, this claim does not connect Defendant Fountain with a constitutional violation as explained *supra* Part II.B. Accordingly, Defendants Southern Health Partners and Lisa Fountain should be dismissed.

### F. Plaintiff Fails to State a Claim Against Defendant Bragg, Counselor at JSP.

Plaintiff also fails to state a claim against Defendant Bragg based on his allegations Defendant Bragg failed to give grievance receipts and failed to process grievances correctly. (Doc. no. 1, p. 15.) Under Eleventh Circuit law, "an inmate has no constitutionally-protected liberty interest in access to [a prison grievance] procedure." Bingham v. Thomas, 654 F.3d 1171, 1177 (11th Cir. 2011) (*per curiam*). Therefore, Plaintiff's allegations regarding interference with the processing of his grievances fail to state a § 1983 claim upon which relief may be granted. See id.; see also Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("[T]he existence of a prison grievance procedure confers no liberty interest on a prisoner. . . . A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."). Accordingly, Defendant Bragg should be dismissed.

### G. Plaintiff Fails to State a Claim for Monetary Damages Against Any Defendant in Their Official Capacities.

Plaintiff specified that he is proceeding against Defendants in both their individual and official capacities and seeks an award of monetary damages. (See doc. no. 1, p. 7.) (id. at 7). However, the Eleventh Amendment bars official capacity claims against state prison

officials for money damages.  <u>Kentucky v. Graham</u>, 473 U.S. 159, 169 (1985).  Therefore, any official capacity claims Plaintiff brings for monetary relief against Defendants fail as a matter of law, and should be dismissed.

## III.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendants Lewis, Rozier, Hooks, Price, Southern Health Partners, Fountain, Bragg and Marshall be **DISMISSED** from this case,  Plaintiff's claims based on the alleged deprivation of literacy classes be **DISMISSED**, and all official capacity claims against remaining Defendants be **DISMISSED**.  In a companion Order the Court allows Plaintiff to proceed with his Eighth Amendment deliberate indifference claim for denial of a prosthesis against Defendants Emmonds, Hall, and Sutton in their individual capacities.

SO REPORTED AND RECOMMENDED this 25th day of October, 2016, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA